# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL A. TATE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. 11-CV-636 JLS (WMc)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 16, 18) |

## I.
## INTRODUCTION

This matter is before the Court on cross-motions for summary judgment. Plaintiff Cheryl A. Tate ("Plaintiff") brings her motion under 42 U.S.C. § 405(g),[1] seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. Plaintiff asks the Court to grant her motion for summary judgment, reversing the Commissioner's decision, because Plaintiff

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made afer a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action . . . brought in the district court of the United States . . . . The court shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

argues the Administrative Law Judge ("ALJ") (1) failed to weigh the evidence and resolve material conflicts, and (2) improperly rejected Plaintiff's subjective complaints. The Commissioner concurrently seeks summary judgment to affirm the ALJ's decision.

The parties' motions were originally referred to U.S. Magistrate Judge William McCurine, Jr. This Court withdraws its referral and will rule on both motions, which it finds suitable for resolution on the papers. *See* S.D. Cal. Civ. R. 7.1(d)(1). After careful review of the moving and opposition papers, the administrative record, the facts, and the law, the Court **DENIES** Plaintiff's motion for summary judgment and **GRANTS** Defendant's cross-motion for summary judgment.

## II.

## PROCEDURAL HISTORY

On February 20, 2007, Plaintiff applied for Social Security Disability Insurance Benefits ("DIB") alleging disability beginning September 30, 2006. (*See* Administrative R. ("AR") 224–28,[2] ECF No. 12) The Commissioner denied Plaintiff's application initially and also on reconsideration. (*Id.* at 131–32) Plaintiff testified at a hearing before an ALJ. (*Id.* at 62–101) The ALJ found Plaintiff ineligible for disability benefits because Plaintiff had a residual functional capacity ("RFC") to perform light work with some limitations. (*Id.* at 136–49) The Appeals Council declined review of the ALJ's decision and thus the ALJ's decision became the final decision of the Commissioner. (*Id.* at 1–6)

On March 29, 2011, Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 405(g) in order to obtain judicial review of a "final decision" from the Commissioner denying her claim for DIB. (Compl., ECF No. 1) Defendant filed an answer to the complaint on November 15, 2011. (Answer, ECF No. 11) On March 8, 2012, Plaintiff filed a motion for summary judgment. (Pl.'s MSJ, ECF No. 16) Defendant filed a cross-motion for summary judgment on April 9, 2012. (Def.'s MSJ, ECF No. 18)

//
//

---

[2] Pin cites to the Administrative Record utilize the page numbers located near the bottom right corner of the page, not the pages assigned by CM/ECF.

# III.

# DISCUSSION

## 1. Legal Standard

A claimant is entitled to disability benefits if, considering her age, education, and work experience, she is unable to perform the work she previously performed and unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. **Step one** determines whether the claimant is engaged in "substantial gainful activity." If she is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decisionmaker proceeds to **step two**, which determines whether the claimant has a medically severe impairment or combination of impairments. That determination is governed by the "severity regulation" which provides in relevant part:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520(c), 416.920(c).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; [u]se of judgment"; "[r]esponding appropriately to

supervision, co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." *Id.*

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the **third step**, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Part 404, Appendix 1 to Subpart P. If the impairment meets or exceeds one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the **fourth step**, which determines whether the impairment prevents the claimant from performing work she has performed in the past. If the claimant is able to perform her previous work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant cannot perform her previous work, the **fifth** and **final step** of the process determines whether she is able to perform other work in the national economy in view of her age, education, and work experience. The claimant is entitled to disability benefits only if she is not able to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). A court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985)). If the evidence supports more than

one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).

Even if the reviewing court finds substantial evidence supports the ALJ's conclusions, the court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. *Id*.

**2.     The ALJ's Decision**

After weighing the evidence from the administrative record and listening to the testimony of Plaintiff and the experts, the ALJ made the following findings:

First, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 141, ECF No. 12) The ALJ relied on the absence of any evidence from the reports, findings, diagnostic test results, and expert testimony, which would have indicated or suggested that the impairments met or equaled the required severity to meet the criteria of the listed impairments. (*Id*.)

Second, the ALJ found Plaintiff "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is able to sit, stand, and walk six hours each in an eight hour workday, with usual breaks, and can occasionally crawl, but cannot climb ladders, scaffold, and ropes." (*Id.*) Also, the ALJ stated that Plaintiff "should avoid continuous hyperextension of the neck, use of vibratory tools, and continuous keyboarding for more than 30 minutes without a 5 minute break." (*Id.*) In making this determination, the ALJ identified a two-step process in which the ALJ first determines whether there is any underlying medically determinable physical or mental impairment and then, if found, the ALJ evaluates the intensity, persistence, and limiting effects of the plaintiff's symptoms to determine the extent to which those

1 symptoms limit the plaintiff's ability to work.  Where subjective statements are inconsistent with
2 the objective medical evidence, the ALJ must then make a finding of the credibility of the
3 statements based on the entire record.  (*Id.*)

4     The ALJ then detailed Plaintiff's medical history and the reports and evidence gathered
5 during the hearing.  (*Id.* at 142–48)  The ALJ concluded that Plaintiff's subjective statements were
6 credible only to the extent they were supported by the objective medical evidence.  (*Id.* at 142)
7 The ALJ also concluded that Plaintiff's subjective statements were credible only to the extent
8 consistent with the RFC rating.  (*Id*.)  The ALJ supported these conclusions with a detailed
9 account of Plaintiff's medical history, including scheduled visits, diagnostic testing, mental health
10 examinations, physical examinations, and emergency room visits. (*Id.* at 142–48)  The ALJ found
11 that the medical evidence consistently showed unremarkable findings, and that this objective
12 medical evidence was supported by Plaintiff's own admissions, reported improvements in her
13 condition, and her refusal to seek further medical treatment.  (*Id*.)  The ALJ also noted that
14 examination findings from a consultative examiner suggested Plaintiff was exaggerating her
15 symptoms or was being less than fully cooperative during the examination.  (*Id.* at 146)

16     The ALJ relied on the opinion testimony of Dr. Michael Gurvey ("Dr. Gurvey") to
17 determine Plaintiff's RFC.  (*Id.*)  The ALJ accorded great weight to Dr. Gurvey's opinion because
18 he based his opinion on a thorough review of the entire medical file and all the evidence in the
19 record.  (*Id.* at 147)  The ALJ found Dr. Gurvey's opinion well supported by the medical evidence
20 and consistent with other substantial evidence in the record.  (*Id*.)

21     After detailing all of the medical evidence and testimony, the ALJ concluded that the
22 evidence was inconsistent with limitations that would preclude sustained work activity.  (*Id.* at
23 148)  Relying on the expert testimony of the Vocational Expert, the ALJ further found Plaintiff's
24 RFC did not preclude her from working as a cashier, which the ALJ found to be past relevant
25 work.  (*Id.* at 148–49)

26 //
27 //
28 //

### 3. Plaintiff's Argument

Plaintiff contends the ALJ erred because she failed to weigh the conflicting evidence regarding Plaintiff's past work as a cashier. (Pl.'s MSJ 5, ECF No. 16) Plaintiff contends she does not have past relevant work as a cashier because her two-month stint as a cashier at the Navy Exchange in 2008 (during which she earned $1,126.37) does not constitute substantial gainful employment. *Id*. at 6. Also, Plaintiff argues that the ALJ did not properly address or resolve the alleged conflict between Dr. Gurvey's assessment that Plaintiff should avoid repetitive fingering (such as keyboarding) for more than thirty minutes at a time without a five-minute break and Vocational Expert Sinclair's testimony that Plaintiff could perform the essential job functions of a cashier. *Id*. at 5–6. Additionally, Plaintiff argues the ALJ accorded great weight to the RFC assessment of Dr. Tung yet tacitly rejected Dr. Tung's allegedly disability-supporting assessment of Plaintiff without analysis. *Id*. at 7. Finally, Plaintiff contends the ALJ's decision that Plaintiff's subjective testimony was not credible was based on legal error and not supported by substantial evidence.

### 4. Defendant's Argument

Defendant contends the ALJ thoroughly analyzed the record and properly found Plaintiff could perform limited light work. (Def.'s MSJ 2, ECF No. 18) Defendant notes that the ALJ determined Plaintiff's RFC based on the records and opinions of eight doctors, and that the ALJ relied, in large part, on the opinion of Dr. Gurvey—a medical expert who reviewed the entire record, including Plaintiff's testimony. (*Id*.) Defendant contends the ALJ reasonably concluded Plaintiff's subjective allegations of disabling limitations were inconsistent with the objective medical evidence, including Plaintiff's own admissions and treatment decisions. (*Id*.)

Defendant also addresses Plaintiff's specific arguments. Defendant argues the ALJ properly found Plaintiff had past relevant work experience as a cashier because Plaintiff admitted that she worked part-time as a cashier at the Navy Exchange and that she worked as a cashier in the food service industry between 1997 and 2000. (*Id*. at 3) Defendant also contends the ALJ properly relied on the Vocational Expert's testimony that Plaintiff could perform the work of a cashier despite the limitation to avoid repetitive finger manipulation for more than thirty minutes

1  at a time without a five-minute break. Defendant notes the Vocational Expert testified that
2  Plaintiff could perform the essential job function of a cashier despite the limitations, and that
3  Plaintiff could perform the work of a dishwasher, room cleaner, and final assembler. (*Id*. at 4)
4  Defendant concludes that the Vocational Expert's testimony that Plaintiff could perform jobs other
5  than cashier forecloses Plaintiff's argument regarding her past relevant cashier experience and her
6  current ability to perform as a cashier. (*Id*. at 3)
7  Additionally, Defendant contends Plaintiff's argument regarding the ALJ's alleged tacit
8  rejection of Dr. Tung's medical evidence lacks merit. Defendant argues Dr. Tung's multiple
9  reports, taken as a whole, were consistent with the reports of other medical experts and the
10  testimony of Dr. Gurvey. Thus, Defendant concludes, "the ALJ reasonably found the medical
11  evidence provided by Dr. Tung was, on the whole, consistent with his RFC." (*Id*. at 5)
12  Defendant contends Plaintiff's argument regarding the ALJ's allegedly unsupported and
13  erroneous credibility finding also lacks merit. Defendant notes the ALJ listed several reasons for
14  finding Plaintiff not fully credible, including: (1) the objective medical evidence did not support
15  her contentions; (2) Plaintiff's own descriptions of "an active life" did not support her contrary
16  contentions; (3) "clinical findings on stability" did not support her contentions; (4) Plaintiff's own
17  "reported improvement" of symptoms did not support her contrary contentions; and
18  (5) examination findings of exaggeration during Plaintiff's consultative examination and in
19  treatment records from Kaiser Permanente undermined Plaintiff's credibility. (*Id*.; AR 142–46)
20  Finally, Defendant argues that if the Court were to find error, remand for payment of
21  benefits is not proper because "evidence exists that would need to be reviewed before disability
22  could be judicially determined." (Def.'s MSJ 7, ECF No. 18)
23  **5.    Analysis**
24  Plaintiff claims the ALJ's decision constitutes legal error because (1) the ALJ "did not
25  weigh the evidence and resolve the conflict about whether [Plaintiff] actually had past relevant
26  work as a cashier," and (2) the ALJ "did not weigh the evidence and resolve the conflict about
27  whether . . . a person limited to avoid repetitive fingering such as keyboarding for more than 30
28  minutes at a time without a five minute break" can perform as a cashier. (Pl.'s MSJ 5, ECF No.

16) Essentially, Plaintiff argues the ALJ's ruling failed to include specific and detailed findings regarding these alleged discrepancies.

Plaintiff's first claim fails because there does not appear to have been any conflicting evidence regarding Plaintiff's past relevant work as a cashier. Indeed, Plaintiff testified she had worked as a cashier in the food service industry between 1997 and 2000, and testified she worked part-time for two months as a cashier at the Navy Exchange in 2008. (AR 95–98, ECF No. 12) Plaintiff does not cite, nor has the Court found, any indication from the record that Plaintiff's total cashier experience does not constitute past relevant work experience. Rather, Plaintiff manufactures a conflict by suggesting the Navy Exchange experience does not constitute past relevant work. However, Plaintiff's argument fails to acknowledge her cashier job in the food service industry between 1997 and 2000. The sum total of evidence regarding Plaintiff's past cashier experience included the following: Plaintiff admitted she worked part-time as a cashier at the Navy Exchange and worked as a cashier in the food service industry between 1997 and 2000.[3] Thus, there was no need for the ALJ to weigh competing evidence because there was no competing evidence to be weighed. Plaintiff's total experience as a cashier, unquestioned by Plaintiff and unconverted by the evidence, necessarily and reasonably led to the ALJ's finding of past relevant work as a cashier. Moreover, the lack of competing or conflicting evidence and contrary testimony renders any ALJ error harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

Likewise, the record belies Plaintiff's second claim regarding her past relevant work. Indeed, the ALJ specifically questioned the Vocational Expert about Plaintiff's ability to perform the job of a cashier given various hypothetical physical limitations, including carpal tunnel syndrom. (AR 97–99, ECF No. 12) The Vocational Expert testified that Plaintiff could perform the job of a cashier given these limitations, and the ALJ relied on that testimony in making her determination. (*Id.* at 99, 149) Thus, the Court finds the ALJ did not err in making this determination.

---

[3] The record also includes evidence of Plaintiff's earnings between 1997 and 2000 and earnings from her Navy Exchange job. (AR 239, ECF No. 12)

1    Plaintiff also argues that the ALJ did not weigh the opinion of Dr. Tung against the other
2 experts, and thus the ALJ ignored the conflict in the experts' opinions. But Plaintiff's argument
3 neglects Dr. Tung's other reports which, taken as a whole, as the ALJ noted, were consistent with
4 the reports of other medical experts and the testimony of Dr. Gurvey. (*Id.* at 147) The ALJ
5 assigned great weight to several medical opinions, including the testimony of Dr. Gurvey. (*Id.*)
6 One of these opinions, Dr. Tung's questionnaire, accords Plaintiff with generally less functional
7 capacity than the others. (*Id.* at 147, 562–63) Nevertheless, Dr. Gurvey, the medical expert that
8 reviewed the entire record including Plaintiff's testimony, found all of the opinions consistent with
9 the RFC determined by the ALJ.[4] (*Id.* at 147) Thus, the Court does not find the ALJ ignored or
10 rejected this specific piece of evidence which was encompassed in the ALJ's assessment of
11 Plaintiff's RFC. There is no indication Dr. Gurvery or the ALJ found the alleged discrepancy
12 significant or probative and the ALJ is not required to discuss at length every piece of medical
13 evidence. *See Jiminez v. Astrue*, 2010 WL 3749595, at *5 (C.D. Cal. Sept. 24, 2010).

14   Finally, Plaintiff's argument that the ALJ improperly rejected Plaintiff's subjective
15 complaints also lacks merit. When evaluating a claimant's subjective symptom testimony, the
16 ALJ must perform two stages of analysis: the *Cotton*[5] test and an analysis of Plaintiff's credibility.
17 *Smolen v. Chater*, 80 F.3d 1273, 1281–82 (9th Cir. 1996). The *Cotton* test requires the ALJ to
18 determine whether the claimant has produced objective medical evidence of an underlying
19 impairment and whether the symptoms alleged could reasonably be produced by the impairment.
20 *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991). If the claimant meets the *Cotton* test,
21 and there is no evidence of malingering, the ALJ must offer specific, clear and convincing reasons
22 to reject Plaintiff's symptom testimony. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993).

---

[4] The Court notes Plaintiff underwent a second corrective surgery around May of 2007. (AR 82, ECF No. 12) Dr. Tung completed his questionnaire about one month after this second surgery. (*Id.* at 561) The ALJ also gave great weight to medical reports issued one month before the surgery ("claimant could lift and carry 10 pounds occasionally and less than 10 pounds frequently"), and medical reports issued nearly two years following surgery ("claimant could lift and carry 20 pounds occasionally and 10 pounds frequently"). (*Id.* at 147) It stands to reason that Dr. Tung's questionnaire coincides with Plaintiff's recovery following surgery.

[5] In *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the Ninth Circuit set out a threshold test for evaluating symptom testimony.

An ALJ must provide reasons for discounting a claimant's testimony. *Stewart v. Sullivan*, 881 F.2d 740, 743 (9th Cir. 1989). However, the ALJ cannot reject a claimant's testimony solely on the basis that the testimony is not supported by objective medical evidence, but must use a combination of factors to make such a determination. *Bunnell*, 947 F.2d at 346. When determining a claimant's credibility, the ALJ may consider the following: (1) the claimant's reputation for truthfulness; (2) inconsistencies in either the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from doctors and other third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). If an ALJ's credibility finding is supported by substantial evidence from the record, a court may not second guess such a finding. *Id*. at 959.

Further, the ALJ must present clear and convincing reasons explaining why he or she discredits a claimant's testimony, absent a finding of claimant malingering. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th. Cir. 2008); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). General findings are insufficient; the ALJ must point to specific non-credible testimony and specific undermining evidence. *Reddick*, 157 F.3d at 722.

The Ninth Circuit has held that ALJs can consider the claimant's daily activities when determining whether a claimant's pain allegations are valid. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). If the claimant is able to perform daily functions "involv[ing] many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude the claimant's pain does not prevent the claimant from working." *Fair*, 885 F.2d at 603. However, the Ninth Circuit was quick to point out instances where some daily activities are not easily transferable to the workplace, such as merely performing minimal housework. *Id*.

In *Fair*, the Ninth Circuit affirmed the ALJ's denial of benefits. 885 F.2d at 604. The court ruled the claimant's testimony of severe, debilitating, and persistent pain did not match the following objective evidence: the claimant had minimal treatment by doctors and physical therapists, the claimant failed to comply with the treating physician's recommendations, and the

claimant remained fully capable of caring for his personal and household needs. *Id.*; *see also Burch*, 400 F.3d at 680 (affirming an ALJ's findings discrediting a claimant where objective medical evidence did not support the claimant's testimony and the claimant's daily activities included caring for herself and others, cooking, cleaning, shopping, and personal financial management); *Thomas*, 278 F.3d at 959 (affirming an ALJ's findings discrediting a claimant where no objective medical evidence existed to support the claimant's description of pain and the claimant engaged in various household chores and presented conflicting evidence of her activities to two different individuals); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (affirming an ALJ's findings discrediting claimant where a treating physician could not find objective medical support for the claimant's pain testimony, the claimant performed many household chores—shopping, washing dishes, cooking, and visiting relatives—and the claimant was not taking prescription medication).

Here, the ALJ found the medical impairments could cause the alleged symptoms, but not to the extent alleged by Plaintiff. (AR 142, ECF No. 12) The ALJ analyzed Plaintiff's subjective complaints of pain and mental impairment against the backdrop of the objective medical evidence. (*Id.* at 142–46) The ALJ noted the following factors in finding Plaintiff not fully credible: (1) Plaintiff's lifestyle and refusal to seek further medical treatment for both her alleged physical and mental impairments; (2) the objective medical evidence, including reports of improvement and stability; and (3) Dr. Sabourin's examination notes indicating that Plaintiff exaggerated her symptoms or was less than fully cooperative during the examination. (*Id.*) Plaintiff has failed to articulate how these factors were not sufficiently identified by the ALJ, or how these factors were insufficient for the ALJ to find Plaintiff not fully credible.

After review of the administrative record, it is clear the evidence considered by the ALJ is specifically identified in her decision, documented in the administrative record, and properly falls into three of the five categories for the ALJ's consideration as delineated by the Ninth Circuit in *Thomas*, 278 F.3d at 958–59. *See supra* at 11. The Court may not, therefore, second guess the ALJ's credibility finding as to Plaintiff. *Thomas*, 278 F.3d at 959; *see also Burch*, 400 F.3d at 679 (explaining that the Court will uphold the Commissioner's decision when the evidence is

1  susceptible to more than one rational interpretation).  Accordingly, the Court finds Plaintiff's
2  argument lacks merit.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.  This Order concludes the litigation in this matter.  The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  September 11, 2012

Honorable Janis L. Sammartino
United States District Judge